UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CITY OF STERLING HEIGHTS, ET AL.,

      Plaintiffs,

v.

UNITED NATIONAL INSURANCE
COMPANY, ET AL.,

      Defendants.

                                       /

Case No. 03-72773

Honorable Nancy G. Edmunds


**ORDER DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF EXPEDITED
APPEAL AND ENTRY OF A FINAL JUDGMENT AS TO ARCH INSURANCE
COMPANY PURSUANT TO FED. R. CIV. P. 54(b) [161]**


On March 14, 2005, this Court issued an opinion and order granting Defendant Arch

Insurance Company's motion to dismiss Plaintiffs' claims asserted against Arch.  This

matter is now before the Court on Plaintiffs' motion for certification of an expedited appeal

and entry of a final judgment as to Defendant Arch Insurance Company pursuant to Fed.

R. Civ. P. 54(b).  The Court finds that, because the facts and legal arguments are

adequately presented in the briefs and the decision process would not be significantly aided

by oral argument, this motion shall be resolved as submitted on the briefs.  E.D. Mich. L.

R. 7.1(e)(2).

Rule 54(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

When more than one claim for relief is presented in an action, whether as a
claim, counterclaim, cross-claim, or third-party claim, or when multiple parties
are involved, the court may direct the entry of a final judgment as to one or more
but fewer than all of the claims or parties only upon an express determination
that there is no just reason for delay and upon an express direction for the entry

<u>of judgment</u>. . . .

Fed. R. Civ. P. 54(b) (emphasis added).  As the Sixth Circuit observed, "[a]lthough Rule 54(b) relaxes the traditional finality requirement for appellate review, it does not tolerate immediate appeal of every action taken by a district court."  *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994).

Certification under Rule 54(b) requires two independent findings:  (1) entry of a final judgment in favor of Defendant Arch Insurance Company can be directed because Plaintiffs' claims against this party Defendant have been dismissed; and (2) there is no just reason to delay appellate review.  *Id.*  There is no dispute that this Court could direct entry of a final judgment in favor of Defendant Arch.  Rather, it is the second element that is disputed.

This second element requires the court to "determine whether the needs of the parties outweigh the efficiency of having one appeal at the conclusion of the case in its entirety," and to "spell out its reasons for concluding that prompt review is preferable."  *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004) (internal quotes and citations omitted).

When determining whether there is no just reason to delay appellate review, the Court considers the following "nonexhausive list" of factors:

    (1)    the relationship between the adjudicated and unadjudicated claims;
    (2)    the possibility that the need for review might or might not be mooted by future developments in the district court;
    (3)    the possibility that the reviewing court might be obliged to consider the same issue a second time;
    (4)    the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and
    (5)    miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*General Acquisition*, 23 F.3d at 1030 (internal quotes and citations omitted).

Plaintiffs first argue that, due to the factually interrelated nature of their coverage claims against Arch and the remaining Defendants, an immediate appeal and reversal of this Court's March 14, 2005 order might necessitate a second trial involving similar issues and evidentiary proof. Thus, Plaintiffs' argue, judicial economy is best served by certifying an immediate appeal under Rule 54(b). This Court disagrees.

Plaintiffs' argument assumes that the Sixth Circuit will issue a decision on their appeal before this Court proceeds with the scheduled trial on Plaintiffs' remaining claims against the remaining Defendants. That is not likely to occur. Defendant Arch has been advised by the clerk of the Sixth Circuit Court of Appeals that appeals are not generally argued until 11 months after the appellee's brief has been filed. (Def.'s Resp. at 2-3.) Oral argument is not heard until briefing is completed, and decisions are issued sometime later. Accordingly, unless this Court is willing to delay the October 2005 trial date in this matter, the possibility of two trials would not be avoided by granting Plaintiffs' motion. This Court is not willing to delay the trial date or otherwise stay this matter pending an immediate appeal of the March 14, 2005 order dismissing Plaintiffs' claims against Arch. Accordingly, this Court finds that judicial economy is best served by denying Plaintiffs' motion.

Moreover, despite Plaintiffs' claims to the contrary, the need for review will not be mooted by future developments in the district court. Even if an immediate appeal were granted as to the March 14, 2005 order, it is possible that, no matter how the case is ultimately decided as to the remaining claims asserted by Plaintiffs against the remaining Defendants, an appeal will be filed. Furthermore, as discussed above, due to the factually interrelated nature of Plaintiffs' coverage claims, it is likely that a subsequent appeal would

require the Sixth Circuit to consider substantially similar coverage issues for a second time.

Accordingly, these factors likewise weigh in favor of denying Plaintiffs' motion.

Plaintiffs have not convinced the Court that, based upon consideration of the above

factors, their need for an immediate appeal outweighs the efficiency of having one appeal

at the conclusion of the case in its entirety.  Accordingly, Plaintiffs' motion for certification

of an immediate appeal, pursuant to Rule 54(b), is DENIED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  May 24, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record
on May 24, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager