UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF STERLING HEIGHTS, ET AL.,

      Plaintiffs,

v.

UNITED NATIONAL INSURANCE
COMPANY, ET AL.,

      Defendants.

_____/

Case No. 03-72773

Honorable Nancy G. Edmunds

## ORDER DENYING DEFENDANT ARCH INSURANCE COMPANY'S MOTION FOR SANCTIONS [160]

On March 14, 2005, this Court issued an opinion and order granting Defendant Arch Insurance Company's motion to dismiss. This matter is now before the Court on Arch's motion for sanctions against Plaintiffs and Plaintiffs' counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and/or the inherent power of the Court. Defendant Arch Insurance Company's motion is DENIED because it failed to satisfy Rule 11's safe harbor filing requirements, and it failed to establish that Plaintiffs' or its counsel's conduct warranted sanctions under 28 U.S.C. § 1927 or the Court's inherent power.

## I.    Facts

This is an insurance coverage dispute between Plaintiffs and their various insurers. The underlying facts of this litigation are fully explored in the Court's previous orders. The facts relevant to this motion are as follows.

On June 30, 2004, Plaintiffs filed an amended complaint, adding Arch Insurance as

a party Defendant.

On September 2, 2004, Arch's counsel wrote to Plaintiffs' counsel, giving Plaintiffs notice that, unless the claims against Arch were withdrawn within 21 days, Arch intended to seek Rule 11 sanctions against Plaintiffs.  (Def.'s Mot., Ex. 1, 9/2/04 letter at 1.)

On September 9, 2004, Plaintiffs' counsel responded, stating that the claims asserted against Arch (1) were meritorious, (2) did not seek coverage for acts that occurred prior to the inception of the Arch policy, and (2) would not be dismissed.  (Def.'s Mot., Ex. 2, 9/9/04 letter at 1-2.)

On March 14, 2005, this Court granted Arch's motion to dismiss and denied Plaintiffs' motion for reconsideration on March 29, 2005.

On April 4, 2005, Arch filed this motion for sanctions with the Court.

## II.   Analysis

### A. Rule 11 Sanctions

The 1993 amendments to Rule 11 provide that the imposition of sanctions for Rule 11 violations is discretionary, not mandatory.  Fed. R. Civ. P. 11, 1993 amendments, advisory committee's note.  *See also Ridder v. City of Springfield*, 109 F.3d 288, 293-94 (6th Cir. 1997).   The party seeking Rule 11 sanctions must satisfy the procedural requirements of Rule 11(c)(1)(A), commonly known as Rule 11's "safe harbor" provision. This is an absolute requirement for Rule 11 sanctions.  *Id.* at 296.  The safe harbor provision sets out a two-step process:

**(1)    How Initiated.**

**(A) By Motion.**  A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific

2

conduct alleged to violate subdivision (b).  <u>It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . ., the challenged . . . claim . . . is not withdrawn or appropriately corrected.</u> . . .

Fed. R. Civ. P. 11(c)(1)(A) (emphasis added).

Defendant Arch admits that it did not follow the required procedure of first serving a Rule 11 motion on Plaintiffs and then waiting 21 days after service of the motion to allow Plaintiffs an opportunity to withdraw the challenged claims.  (Def.'s Mot. at 6.)  In fact, Arch waited until the Court issued an opinion granting its motion to dismiss Plaintiffs' claims before filing its Rule 11 motion.  Arch nonetheless argues that its September 2, 2004, informal notice of its intent to seek Rule 11 sanctions is sufficient to satisfy Rule 11's safe harbor requirements.  This Court disagrees.

Rule 11's plain language and the advisory committee's notes refute Defendant Arch's argument that its September 2004 letter is sufficient to satisfy the Rule's safe harbor provision.  "To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the 'safe harbor' period begins to run only upon service of the motion."  *Id.*  The advisory committee also envisioned informal notice to opposing counsel before service of the Rule 11 motion and the start of the 21 day safe harbor period.  "[C]ounsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion."  *Id.*  Defendant Arch's September 2, 2005, provided such informal advance notice.  As set forth in Rule 11(c)(1)(A), however, more is required.  Arch was required to serve a motion for sanctions on Plaintiffs 21 days before filing it with this Court.  It failed to do so and thus failed to comply with Rule 11's

3

procedural requirements.

Defendant Arch further argues that its failure to comply with Rule 11's safe harbor provisions should be excused because this Court has already granted its motion to dismiss and thus there were no claims for Plaintiffs to withdraw when Arch finally filed its motion for sanctions.  In *Ridder*, the Sixth Circuit rejected a similar argument:

> Rather than excusing [the defendant]'s noncompliance, we instead hold that [the defendant] has given up the opportunity to receive an award of Rule 11 sanctions . . . by waiting to file the motion under after the entry of summary judgment.  As stated above, a motion for sanctions under Rule 11 must be served on the offending party for a period of "safe harbor" at least twenty-one days prior to the entry of final judgment or judicial rejection of the offending contention.  A party seeking sanctions must leave sufficient opportunity for the opposing party to choose whether to withdraw or cure the offense voluntarily before the court disposes of the challenged contention.

109 F.3d at 297.  This holding comports with the advisory committee's notes providing that "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial resolution of the offending contention)."  Fed. R. Civ. P. 11, 1993 amendments, advisory committee's notes.  As observed by the *Ridder* Court, that tactic defeats the purpose of the safe harbor provision by foreclosing any opportunity to withdraw the challenged claims.  *See Ridder*, 109 F.3d at 297.  Because it failed to comply with the Rule's procedural requirements, Defendant Arch is not entitled to Rule 11 sanctions.  *See Ridder*; *McKenzie v. Berggren, P.C.*, 212 F.R.D. 512, 513-14 (E.D. Mich. 2003) (same).

### B.  Sanction Under 28 U.S.C. § 1927

Defendant Arch also seeks excess costs, expenses, and attorneys fees under 28 U.S.C. § 1927, which provides that:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because

of such conduct.

An award of sanctions under § 1927 is discretionary.  *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996).  In the Sixth Circuit, § 1927 sanctions are warranted "when an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party."  *Id.* (internal quote and citation omitted).  "[T]he attorney's misconduct, while not required to have been carried out in bad faith, must amount to more than simple inadvertence or negligence that has frustrated the trial judge."  *Id.*  "Under this formulation, the mere finding that an attorney failed to undertake a reasonable inquiry into the basis of a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied."  *Ridder*, 109 F.3d at 298.

This Court is not persuaded by Defendant Arch's argument that Plaintiffs' counsel should be sanctioned under § 1927 because, in essence, the claims it filed against Arch were ultimately dismissed.  As set forth in Plaintiffs' counsel's affidavit, a reasonable inquiry of Arch's policies, the facts asserted in the underlying state and federal actions, and relevant Michigan case law was undertaken prior to adding Arch as a party Defendant in this coverage action.  (Pls.' Resp., Ex. 1, Ellison Aff. at ¶¶ 8-16.)  Plaintiffs' counsel further avers that, contrary to Defendant Arch's arguments here, the Court was not informed at a January 2004 settlement conference that there was no additional insurance available for settlement.  (*Id.* at ¶¶ 3-5.)  Moreover, because Plaintiffs' counsel conducted a reasonable inquiry into the law and facts prior to pursuing its claims against Arch, the Court also rejects Arch's corollary argument that the claims were pursued solely with the intent to harass.

5

**C. Inherent Authority to Impose Sanctions for Bad Faith Conduct**

Finally, Defendant Arch argues that it is entitled to sanctions in light of Plaintiffs' counsel's bad faith conduct in filing a frivolous lawsuit. The Court has discretion to exercise its inherent authority to impose sanctions for bad faith conduct. *Runfola & Assoc., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996). Defendant has not convinced the Court that Plaintiffs' pursued their claims against it in bad faith because the claims were entirely frivolous, Plaintiffs' counsel knew this, and nonetheless pursued them solely to harass Arch. *See Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997). Accordingly, no such relief is warranted here.

## III. Conclusion

For the above-stated reasons, Defendant Arch Insurance Company's motion for sanctions is DENIED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 16, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 16, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

6