UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF STERLING HEIGHTS
MICHIGAN, et al.,

       Plaintiffs,

v.

UNITED NATIONAL INSURANCE
COMPANY, et al.,

       Defendants.
_____/

CIVIL ACTION NO. 03-72773

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER

      Plaintiffs' Motion for Protective Order to Quash Third-Party Subpoena was referred to the undersigned magistrate judge for hearing and determination. The parties appeared, by counsel, on September 29, 2005 for hearing. Having reviewed plaintiffs' motion, the joinder of non-parties Patrick Dunleavy and Conway MacKenzie & Dunleavy, Specialty National Insurance Company's response and the supplemental briefs submitted by all parties concerned, and having heard the arguments of counsel, I find as follows:

      1) Plaintiffs City of Sterling Heights, Michigan and Steve Duchane were parties defendant in two previous lawsuits filed against them in the Circuit Court for Macomb County Michigan (Case Number 01-3388-ASN) and the U.S. District Court for the Eastern District of Michigan (Case Number 02-73618) ("the underlying actions").

      2) Plaintiffs seek indemnification in this case from defendants under certain policies of insurance for liabilities imposed upon plaintiffs in the underlying actions.

      3) Patrick G. Dunleavy was designated by plaintiffs (then defendants) in the underlying actions as an expert witness whose opinions may be presented at trial, within

the meaning of Federal Rule of Civil Procedure 26(b)(4)(A), and an expert report authored by Dunleavy was disclosed to the other parties in the underlying actions.

4) By reason of a settlement agreement, the underlying actions were concluded without trial, and no testimony by Dunleavy was offered.

5) Prior to the entry of the settlement, the other parties in the underlying actions could have conducted discovery as to the information and communications utilized by Dunleavy in the formulation of the opinions expressed in his expert report.

6)  Upon the termination of the underlying actions, Dunleavy no longer held the status of expert trial witness as contemplated in Fed.R.Civ.P. 26(b)(4)(A), and the right of opposing parties to prepare effective cross-examination became unnecessary.  See: <u>Dayton-Phoenix Group v. General Motors Corp.</u>, 1997 WL 1764760 (S.D. Ohio 1997) and Advisory Committee commentary on 1970 Amendments to Fed.R.Civ.P. 26.

7)  Dunleavy has not been designated as an expert witness in this cause, and there is no basis upon which to assume that his opinions will be offered in evidence at trial.

8) The instant action is a "closely related litigation" to the underlying cases, such that the protection afforded to the opinion of a consulting expert under Fed.R.Civ.P. 26(b)(4)(B) apply.  See: <u>Employer's Reinsurance Corp. V. Clarendon Nat'l Ins. Co.</u>, 213 F.R.D. 422 (D. Kan. 2003).

9)  Defendant Specialty National Insurance Company has made no showing of exceptional circumstances which might entitle it to discovery from Dunleavy under Fed.R.Civ.P. 26(b)(4)(B).

10) Plaintiffs bear the burden of establishing their entitlement to indemnification and the measure of such indemnification in this action.  More direct sources of discovery on

those issues are likely to be available to defendants in the form of witnesses to be called by plaintiffs at trial in this cause.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Protective Order to Quash Third-Party Subpoena is granted.

                                            s/Donald A. Scheer
                                            DONALD A. SCHEER
                                            UNITED STATES MAGISTRATE JUDGE

DATED: December 19, 2005

_____

### CERTIFICATE OF SERVICE

I hereby certify on December 19, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 19, 2005. **None.**

                                            s/Michael E. Lang
                                            Deputy Clerk to
                                            Magistrate Judge Donald A. Scheer
                                            (313) 234-5217