UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF STERLING HEIGHTS, ET AL.,

    Plaintiffs,

v.

UNITED NATIONAL INSURANCE
COMPANY, ET AL.,

    Defendants.
                                                /

Case No. 03-72773

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GENERAL STAR INDEMNITY INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT [228]**

This insurance dispute comes before the Court on Defendant General Star Indemnity Insurance Company ("GenStar")'s motion for partial summary judgment with regard to its duty to indemnify Plaintiffs ("Insureds") for the Roncelli Inc. claims asserted in the underlying Federal Action. For the reasons stated below, Defendant's motion is GRANTED IN PART and DENIED IN PART.

**I.    Background**

    **A. GenStar Policies**

GenStar sold two primary and two excess policies to Insureds. The first primary GenStar policy, has a policy period of September 1, 2000 to September 1, 2001, contains public officials and employment practices coverage, provides aggregate and per claim indemnity limits of $1 million, and has a Self-Insured Retention ("SIR") of $100,000. The second primary GenStar policy, has a policy period of September 1, 2001 to September

1, 2002, contains public officials and employment practices coverage, provides aggregate and per claim indemnity limits of $1 million and a SIR of $100,000. During each of these policy periods, GenStar also sold to Insureds two excess policies which have an attachment point of $1 million and coverage limits of $9 million. Under the GenStar policies, GenStar agrees to provide Insureds with defense costs outside of the coverage limits identified above. Thus, GenStar has exposure for $10 million in indemnity limits for each policy period, plus defense costs.

**B. Current Status of the Roncelli Inc. Federal Action Claims**

The Roncelli Inc. claims asserted in the Federal Action (filed on September 10, 2002) are separate and distinct from those asserted by the Hillside Plaintiffs. The Court has recognized this distinction in previous orders entered in this coverage dispute.

On February 11, 2004, this Court issued an Opinion and Order granting in part and denying in part cross-motions for summary judgment filed by the Insureds and GenStar. Among the arguments raised in GenStar's motion was the position that all of the damages asserted by Insureds as to the Federal Action were subject to the first GenStar policy period by application of the policy's "deemer clause" and policy exclusion (h). This Court accepted GenStar's position, holding that the damages asserted in the Federal Action were subject to the limit of liability contained in the first GenStar policy period (in effect from September 1, 2000 to September 1, 2001), reasoning that:

> [Insureds]' contrary arguments ignore the plain language of the General Star policies. Their arguments that the State and Federal Actions state several claims against Duchane and City miss the point. There is no dispute that [Insureds] were aware of and gave notice of circumstances that might give rise to claims against Duchane and the City during the September 1, 2000 to September 1, 2001 policy period of General Star Policy No. 1YA602491B. In light of the deemer clause in General Star's later policy, covering the

> period September 1, 2001 to September 1, 2002, all claims asserted by the Hillside Plaintiffs are to be deemed first made during the earlier September 1, 2000 to September 1, 2001 policy period. Because Duchane and the City are entitled to indemnity under the earlier policy period, Exclusion (h) applies to preclude coverage under the latter policy period.

(2/11/04 Opin. & Order at 15.)

Insureds filed a motion for reconsideration, which was granted in part and denied in part by this Court on April 9, 2004. As to the issue whether the second GenStar policy period remained exposed to any claims asserted in the Federal Action, this Court held that GenStar was still exposed. It also held that GenStar did not meet its burden of proof in establishing the applicability of policy exclusion (m) to bar coverage of the Roncelli Inc. claims. Accordingly, it denied GenStar's motion for summary judgment as to it duty to indemnify Insureds for the Roncelli Inc. claims first asserted against them in the Federal Action.

GenStar is currently before the Court seeking summary judgment on its duty to indemnify Insureds for these Roncelli Inc. claims.

## II.  Standard for Summary Judgment

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

## III. Analysis

GenStar argues here that two policy provisions preclude Insureds from indemnification coverage. The first addresses an exclusion for claims arising out of contracts. The second addresses claims reported to GenStar during the "basic extended reporting period" but are covered under subsequent insurance purchased by Insureds. The Court begins by examining the policy exclusion (m).

### A. GenStar Policy Exclusion (m)

The Public Officials Liability (POL) part of GenStar's policy expressly excludes:

any CLAIM made against the insured:

* * *

m.   For CLAIMS arising from procurement, service, construction, architect, or engineer contracts including but not limited to the insureds intentional interference with said contracts.

(GenStar Policy No. 1YA602491C, GI-PO-02, § 1, ¶ 2.m, pp. 2-3 of 12.) GenStar argues that this exclusion (m) applies because in the Federal Action Roncelli Inc. sought damages from civil rights violations for the lost opportunity to obtain a construction contract with the Detroit News. This Court disagrees.

Under Michigan law, it is the insurer's responsibility to clearly express limits on coverage. *Auto Club Ins. Ass'n v. DeLaGarza*, 444 N.W.2d 803, 806 (Mich. 1989). Thus, insurance exclusion clauses are construed strictly and narrowly. *Auto-Owners Ins. Co. v. Churchman*, 489 N.W.2d at 435. Moreover, the insurer has the burden of proving that an exclusion applies. *See Roddis Lumber & Veneer Co. v. Am. Alliance Ins. Co.*, 47 N.W.2d 23, 26 (Mich. 1951); *Ososki v. St. Paul Surplus Lines*, 156 F. Supp. 2d 669, 674-75 (E.D. Mich. 2001). GenStar has not met that burden here.

The Roncelli Inc. claims asserted in the Federal Action are civil rights claims alleging constitutional violations. There are no allegations that Roncelli Inc. had a construction contract with the Detroit News, no allegations that Insureds interfered with a contract, no claims alleging a breach of a construction contract, and no claims alleging interference with contractual relations. GenStar's arguments here ignore the nature of the § 1983 claims asserted by Roncelli Inc. in the Federal Action and the facts alleged in support of those claims.

GenStar's arguments likewise ignore the plain language of its Exclusion (m), excluding "CLAIMS . . . arising from . . . construction . . . contracts including but not limited to the insureds intentional interference with said contracts." (GenStar Policy No. 1YA602491C, GI-PO-02, § 1, ¶ 2.m, pp. 2-3 of 12.) This Court rejects GenStar's argument that, because Michigan law recognizes tort claims for interference with business

relationships and business expectancies in addition to contracts, Exclusion (m) applies here. Under Michigan law, it is the insurer's responsibility to clearly express limits on coverage. *See DeLaGarza*, 444 N.W.2d at 806. Under Michigan law, insurance clauses are construed strictly and narrowly. *Churchman*, 489 N.W.2d at 435. Accordingly, this Court declines to interpret Exclusion (m) as including claims arising from tortious interference with business relationships and/or business expectancies.

GenStar reliance on *Southgate Recreation and Park District v. California Association for Park and Recreation Insurance*, 130 Cal. Rptr. 2d 728 (Cal. Ct. App. 2003), for a contrary interpretation is also misplaced. First, the language of the exclusion provision in *Southgate* is broader than that contained in GenStar's Policy Exclusion (m) because it excluded coverage for claims "[a]rising out of <u>or related to</u> construction . . . contracts or to any other contract for the purchase of goods or service." *Id.* at 723 (emphasis added). Moreover, as the *Southgate* Court observed, the subcontractor's claims for payment for goods and services provided at a construction project brought against the general contractor arose out of and were related to a construction contract and thus "fit comfortably within the construction contract exclusion" of the general contractor's insurance policy. *Id.* The same is not true here. Roncelli Inc.'s civil rights claims for Insureds' alleged constitutional violations do not arise out of a construction contract. Accordingly, GenStar's Exclusion (m) does not exclude coverage of the Roncelli Inc. claims asserted in the Federal Action.

### B. GenStar "Basic Extended Reporting Period"

The Federal Action, which includes the separate Roncelli Inc. claims, was filed on

September 10, 2002, nine days after the second GenStar claims-made policy period expired. Although the Roncelli Inc. claim was filed outside the effective dates of the second GenStar policy period (September 1, 2001 to September 1, 2002) and within the effective dates of the Specialty National coverage, the claim has been acknowledged as having been forwarded to GenStar within the policy's "basic extended reporting period." (GenStar Mot., Ex. 3, Greta Goddijin Aff.)  The parameters of this extension of coverage is set forth in Section 5 - Extended Reporting Period (Section 2), as follows:

> 2. A basic extended reporting period is automatically provided without additional charge. This period starts with the end of the policy and lasts for:
>
> (a) Three years for claims arising out of a situation or circumstances reported to us, not later than 60 days after the end of the policy period, in accordance with Paragraph 2.a of Section IV - Public Official and Employment Practices Liability Conditions or
>
> (b) 60 days for all other claims.
>
> <u>The basic extended reporting period does not apply to claims that are covered under any subsequent insurance you purchase, or that would be covered but for exhaustion or the amount of insurance applicable to such claims</u>.

(GenStar second policy, § 5 - Extended Reporting Period (emphasis added).)

The emphasized language of the "Basic Extended Reporting Period" clause provides that the extension of coverage is contingent upon the determination that no coverage exists for the claim under any subsequent insurance purchased by Insureds. Insureds do not dispute this fact. In fact, in their earlier motion for reconsideration, Insureds acknowledged that the GenStar policies were replaced with Specialty National policies. Insureds further acknowledged that Specialty National has raised several defenses to coverage and if it prevails on any, the Roncelli Inc. claim would have been "first made" during the GenStar

Basic Extended Reporting Period, which would cause such "claim" to be deemed to have been first made during the policy period of the GenStar renewal policies.

This Court, in an Opinion and Order also issued today in this coverage matter, concludes that Specialty National has a duty to indemnify Insureds for the Roncelli Inc. Federal Action claims. Accordingly, because this Court finds that Specialty National owes Insureds indemnity coverage for the Roncelli Inc. claims, the GenStar language highlighted above excludes GenStar from the duty to indemnify Insureds for the same claims.

Specialty National's arguments to the contrary are rejected. In the Opinion addressing Specialty National's motion for summary judgment, this Court concludes that no questions of fact exist to preclude indemnity coverage for the Roncelli Inc. claims. Specialty National's arguments that the damages alleged by Roncelli Inc. are not recoverable as a "loss" under its policy are premature. To date, there have been no factual determinations as to the extent of recoverable damages attributable to Roncelli Inc. and/or how such damages may be allocated under any insurance policy. This Court has denied Insureds' motion for partial summary judgment raising allocation issues as premature.

**IV. Conclusion**

For the foregoing reasons, Defendant General Star Indemnity Insurance Company's motion for partial summary judgment is GRANTED IN PART and DENIED IN PART.


       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated:  January 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 27, 2006, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager