UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF STERLING HEIGHTS, ET AL.,

       Plaintiffs,

v.

UNITED NATIONAL INSURANCE
COMPANY,

       Defendant.

_____/

Case No. 03-72773

Honorable Nancy G. Edmunds

## ORDER DENYING PLAINTIFFS' MOTION FOR RULE 11 SANCTIONS [542]

This insurance dispute is before the Court on Plaintiffs' motion for sanctions against Defendant United National Insurance Company ("United National") and Defendant's counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. The Court finds that the facts and legal arguments are adequately presented in the parties' motion and briefs and that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L. R. 7.1(e)(2), it is hereby ORDERED that the motion shall be resolved as submitted.

For the reasons stated below, Plaintiffs' motion is DENIED.

## I.    Facts

The underlying facts of this litigation are fully explored in the Court's previous orders. The facts relevant to this motion are as follows.

In October 2005, both Plaintiffs and United National submitted separate motions for summary judgment regarding the issue of allocation, and subsequently filed responses and

replies to these cross-motions. After initially denying both motions as premature, the Court subsequently requested supplemental briefing on the allocation issue in May 2006.

In June 2006, both parties submitted supplemental briefs on allocation. On January 18, 2007, the Court heard oral argument on this issue, and issued a decision on January 19, 2007, concluding that a *pro rata* "time-on-the-risk" allocation method should be applied.

On January 31, 2007, this Court denied United National's motion for reconsideration of its allocation order and struck certain of United National's supporting exhibits as an improper attempt to supplement the record with previously available evidence.

United National then filed a motion seeking reconsideration of the Court's January 31, 2007 Order denying reconsideration. That motion was denied on February 13, 2007.

On February 16, 2007, this Court denied United National's motions to amend the Court's January 27, 2006 order (denying United National's motion for summary judgment on Plaintiffs' breach of an implied covenant of good faith and fair dealing claims) and January 19, 2007 order (deciding allocation issue) to certify issues for immediate appeal under 28 U.S.C. § 1292(b).

On February 16, 2007, United National also filed two new motions: (1) for summary judgment based on the Plaintiffs' breach of a duty to cooperate or, in the alternative, to strike Plaintiffs' claim for exemplary damages [397], and (2) for miscellaneous relief [396].

Plaintiffs' current motion argues that they are entitled to Rule 11 sanctions because United's motions [396, 397] are nothing more than additional attempts to have this Court reconsider its allocation order and to improperly supplement the record with untimely exhibits.

On February 23, 2007, Plaintiffs notified United National of its intent to file its motion

for Rule 11 sanctions, served it with a copy of that motion, and then filed its motion with the Court 17 days later, on March 12, 2007 [542].

On March 12, 2007, before Plaintiffs filed their Rule 11 sanctions motion, United filed a Notice of Withdrawal of its motion for summary judgment [397, 532]. United asserts that it did so because Plaintiffs had decided to withdraw their claim for exemplary damages. On March 13, 2007, the Court denied United's motion for miscellaneous relief [396, 543].

## II. Analysis

### A. Rule 11 Sanctions

The 1993 amendments to Rule 11 provide that the imposition of sanctions for Rule 11 violations is discretionary, not mandatory. Fed. R. Civ. P. 11, 1993 amendments, advisory committee's note. *See also Ridder v. City of Springfield*, 109 F.3d 288, 293-94 (6th Cir. 1997). The party seeking Rule 11 sanctions must satisfy the procedural requirements of Rule 11(c)(1)(A), commonly known as Rule 11's "safe harbor" provision. This is an absolute requirement for Rule 11 sanctions. *Id.* at 296. The safe harbor provision sets out a two-step process:

**(1) How Initiated.**

**(A) By Motion.** A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . ., the challenged . . . claim . . . is not withdrawn or appropriately corrected. . . .

Fed. R. Civ. P. 11(c)(1)(A) (emphasis added).

Plaintiffs admit that they did not follow the required procedure of first serving a Rule 11 motion on United National and then waiting 21 days after service of the motion to allow

United National an opportunity to withdraw the challenged claims. (Pls.' Reply at 1.) Plaintiffs nonetheless argue that, because United National continued to pursue one of its motions, this is sufficient to satisfy Rule 11's safe harbor requirements. This Court disagrees.

Rule 11's plain language and the advisory committee's notes refute Plaintiffs' argument. As set forth in Rule 11(c)(1)(A), Plaintiffs were required to serve their motion for sanctions on United National 21 days before filing it with this Court. They failed to comply with the Rule's procedural requirements, and thus are not entitled to Rule 11 sanctions. *See Ridder*; *McKenzie v. Berggren, P.C.*, 212 F.R.D. 512, 513-14 (E.D. Mich. 2003) (same).

### B. Sanction Under 28 U.S.C. § 1927

Conceding that they have not satisfied Rule 11's procedural requirements, Plaintiffs argue for the first time in their Reply that sanctions are permissible under 28 U.S.C. § 1927, which provides that:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

An award of sanctions under § 1927 is discretionary. *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996). In the Sixth Circuit, § 1927 sanctions are warranted "when an attorney has engaged in some sort of conduct that, from an objective standpoint, falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id.* (internal quote and citation omitted). "[T]he attorney's misconduct, while not required to have been carried out in bad faith, must

4

amount to more than simple inadvertence or negligence that has frustrated the trial judge."

*Id.* "Under this formulation, the mere finding that an attorney failed to undertake a reasonable inquiry into the basis of a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied." *Ridder*, 109 F.3d at 298.

Because Plaintiffs first raised this argument in their reply, foreclosing United National's opportunity to respond, this Court DENIES Plaintiffs' alternative request for sanctions under 28 U.S.C. § 1927. *See Chancellor v. City of Detroit*, 454 F. Supp.2d 645, 665 (E.D. Mich. 2006).

## III. Conclusion

For the above-stated reasons, Plaintiffs' motion for Rule 11 sanctions is DENIED.


s/Nancy G. Edmunds_____
Nancy G. Edmunds
United States District Judge

Dated:  July 18, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 18, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer_____
Case Manager